PENNSYLVANIA RAILROAD COMPANY *v.* WELSH, ADMINISTRATRIX.

[No. 13,999. Filed February 27, 1931. Rehearing denied October 16, 1931. Transfer denied November 25, 1931.]

*Funsler & Douglass* and *Harker & Irwin,* for appellant.

*Paul Myers* and *Kistler, Kistler & McHale,* for appellee.

LOCKYEAR, C. J.—This is an action brought by Lucinda Welsh, administratrix of the estate of Claude D. Welsh, deceased, against the appellant for the wrongful death of said Claude D. Welsh by reason of a collision between an automobile and the appellant's train at Walton, Indiana, on April 26, 1926, at a place where a highway on which appellee was riding crossed the appellant's railroad.

The case was tried on the appellee's amended complaint and an answer in general denial thereto.

There was a trial by jury, with a verdict against the appellant in the sum of $8,000, upon which verdict a judgment was rendered.

The error assigned is the overruling of the appellant's motion for a new trial, which was on the grounds that the verdict of the jury is not sustained by sufficient evidence; the verdict of the jury is contrary to law; the damages assessed by the jury are excessive; the court erred in giving to the jury certain instructions tendered and requested by the plaintiff; and the court erred in refusing to give and in not giving to the jury the instruction tendered and requested by the appellant, instruction No. 2.

The amended complaint, upon which this case was tried, alleges negligence on the part of the appellant in placing a coal car out into the highway near the crossing so as to obstruct the view of appellee; also that the appellant was negligently operating its train at a high and dangerous rate of speed without regard to the dangerous condition of the crossing and without giving the signals required by law.

The appellant admits that there is sufficient evidence to support the judgment on appeal, but earnestly contends that certain instructions which we shall consider were misleading and that the jury was thereby misled.

Instructions Nos. 5, 6 and 7 instructed the jury concerning the appellant's duty in regard to allowing its cars in the highway where they might obstruct the view of travelers on the highway. The appellant contends that the width of the highway was not proved, and, therefore, all instructions on the subject were improper. No evidence was given as to how the highway was established, whether by dedication, user, or by a statutory proceeding, but there was

evidence to the effect that a certain coal shed was located on the south side of the road and that the car extended out north of the coal shed in the space used by the public.

Other instructions are said to be erroneous because the court used the words "negligence alleged," where the appellant says he should have used the words "alleged and proven." An examination of these instructions shows that the court, in addition to the words complained of by appellant, in every instance used the phrase, "If you find from a fair preponderance of the evidence, etc.," so that the jury was, in effect, instructed that negligence must be not only *alleged* but also *proven.*

The court gave all the instructions requested by the appellant covering every question embraced in the pleadings except instruction No. 2, requested by the appellant, by the terms of which, the jury would have been instructed that there was no evidence sufficient to sustain a charge of negligence by allowing a coal car to remain on its track as stated above. This instruction was refused. The records of the appellant company showed that the car had been moved from the place before the accident. Two witnesses testified that they saw the car there before and after the accident on the day of the accident. Therefore, no error was committed in refusing to give the requested instruction.

We find no reversible error in the record.

Judgment affirmed.

## ON PETITION FOR REHEARING.

LOCKYEAR, J.—The appellant contends that the verdict of the jury and the judgment thereon are a grave miscarriage of justice against the appellant, from which judgment this court should give relief.

The attorneys for appellant are fair in their statement of the law limiting an appellate court in a case of this kind where there is some evidence to support the verdict, but are insisting that the trial court committed reversible error in certain instructions to the jury.

The appellant claims there was no evidence to prove the width of the highway, and, even though a car of the appellant ran north of a certain post onto a cinder pile, that, unless the exact boundary of the south side of the highway was established, there was no evidence from which the jury could say the car was in the highway, and, therefore, the instruction to the jury stating that there was negligence if the car protruded into the highway and obstructed the view of the deceased was erroneous.

William Griffis, a civil engineer, testified that the width of the highway was 36 feet. In answer to a question, "Where do these coal bins finish with reference to the highway?" he answered, "Right at the highway." There is testimony that the car protruded north of the coal bin, so the jury had evidence from which they could say that the car was in the highway. From this and other physical facts, the location of telephone poles and the width of the improved portion of the highway were sufficient facts upon the subject for the court to give an instruction pertaining to the allegation that the car protruded into the highway.

Appellant also contends that our view of the meaning of instruction No. 9 given by the court is erroneous. We cannot believe it to be sufficiently erroneous to be reversible error, when the court says, in the first place, "If you believe from a fair preponderance of the evidence," and following that statement outlines certain things alleged and upon which there was evidence adduced at the trial, any person of

intelligence would understand what the court meant, even though he used the words, "In view of the crossing conditions alleged" and did not add thereto the words, "and proven." Even though the instruction may be ambiguous, yet, when it is considered together with all of the instructions as a whole, the ambiguity, if any, is cleared away. See *Grand Trunk, etc., R. Co.* v. *Cather* (1929), 92 Ind. App. 563, 167 N. E. 551, p. 556. It may be observed that the court gave all the instructions requested by appellant, except instruction No. 2 pertaining to the width of the highway above discussed. The complaint describes the condition at the crossing, switches at the side of the main track, a coal shed and a car standing near by, a pile of earth and cinders, live stock pens, grain elevators, grain bins, all of which facts alleged were testified about by some of the witnesses. So we believe that the jury must have understood that they were to be guided by what was proved by a preponderance of the evidence.

Complaint is likewise made of instruction No. 14, where the court uses the words, "without proper signals," but does not define *proper signals* in the instruction. The appellant submitted and the court gave the following instruction, being No. 18 submitted by appellant: "I instruct you that the mere happening of an accident even though accompanied by proof of the exercise of ordinary care by the plaintiff's decedent, Claude D. Welsh, does not raise a presumption of negligence on the part of the defendant. Negligence on the part of the defendant must be established before there can be a recovery by the plaintiff and such specific negligence as is charged in the complaint, must be established by the preponderance of the evidence before there can be a recovery. If there is a failure of proof in this regard, your verdict should be for the defendant."

When the instructions are considered as a whole, we find there was not sufficient ambiguity in any one instruction to constitute reversible error, therefore, the petition for rehearing is denied.